UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RAY PRIEST, )
)
    *Plaintiff*, )
)
v. ) Case No. 1:05-cv-00165
)
GLOBAL FURNITURE, INC., ) Judge Mattice
) Magistrate Judge Lee
    *Defendant*. )

## **MEMORANDUM**

Plaintiff Ray Priest ("Priest") brings this action against Defendant Global Furniture, Inc. ("Global") pursuant to 28 U.S.C. § 1332, alleging fraud and violations of Tenn. Code Ann. §§ 47-18-104 and 47-50-114 relating to Global's alleged failure to remit to Priest commissions that were due on sales orders Priest alleges he placed prior to his termination as a contract sales representative of Global.

Before the Court is Defendant Global's Motion to Vacate and Motion to Strike or Dismiss Plaintiff's Complaint [Court Doc. No. 8]. Global requests that the Court (1) vacate its orders granting permission for Brian R. Harwell and D. Scott Turner to appear *pro hac vice* on behalf of Priest [Court Doc. Nos. 4 and 5, respectively] pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2) strike the Complaint pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, dismiss this cause pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    Motion to Vacate**

Federal Rule of Civil Procedure 60(b) provides that a court may "relieve a party from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Motions under Rule 60(b) are "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (internal

quotation marks and citation omitted). By its terms, Rule 60(b) applies only to final judgments and orders. Fed. R. Civ. P. 60(b); *see also Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) ("The district court's denial of Time's motion for summary judgment . . . was only an interlocutory order and thus not subject to being vacated under Rule 60(b).") Because the Court's orders granting permission to appear *pro hac vice* are not final judgments or orders, but instead are interlocutory, the orders may not be vacated pursuant to Rule 60(b).

Although Rule 60(b) does not provide authority for the Court to vacate its interlocutory orders, it is a well-established principle that a court possesses the inherent authority to modify or rescind its interlocutory orders at any time before final decree. *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922); *Police Officers for Equal Rights v. City of Columbus*, 916 F.2d 1092, 1097 (6th Cir. 1990); *Walsh v. City of Detroit*, 412 F.2d 226, 227 (6th Cir. 1969); *see also United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Bon Air Hotel*, 426 F.2d at 862. It is in accordance with this principle that the Court examines Global's motion to vacate the orders granting admission *pro hac vice* to Messrs. Harwell and Turner.

A district court has the power to regulate the admission of attorneys to its bar. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987). This Court has exercised this power by promulgating Local Rule 83.5, which describes the requirements and procedures for admission to practice before the U.S. District Court for the Eastern District of Tennessee. E.D.TN. LR 83.5. With regard to admission *pro hac vice*, Local Rule 83.5(d) permits an attorney who is admitted to practice before other United States district courts to practice before this Court, provided that it is certified that the attorney is a member in good standing of the bar of the United States District Court of his or her residence and a copy of the certificate of good standing is attached to the first pleading filed. In addition, Local Rule 83.5(j) requires that an attorney submitting a motion for admission *pro hac vice* or tendering a certificate of good standing pursuant to Local Rule 83.5(d) must pay a fee of $60.00.

Local Rule 83.5(l) states, in pertinent part, that "[a]dmission [to practice in the Eastern District of Tennessee] will be based (to the extent applicable) upon standards contained in the Rules of Professional Conduct and the Rules of the Supreme Court of Tennessee." In its instant motion, Global asserts that this portion of Rule 83.5(l) imposes upon applicants for admission to practice before this Court an obligation to comply with all of the Rules of the Tennessee Supreme Court, including Rule 19. Rule 19 of the Tennessee Supreme Court provides that a motion for admission *pro hac vice* "shall not be granted unless the lawyer is associated in the proceeding with a lawyer licensed to practice law in Tennessee . . . " and that "[b]oth the Tennessee lawyer and the lawyer appearing *pro hac vice* shall sign all pleadings, motions, and other papers filed or served in the proceeding . . . ." Tenn. Sup. Ct. R. 19(g).

In this instance, Messrs. Harwell and Turner complied with Local Rules 83.5(d) and (j) and were admitted to practice *pro hac vice* before this Court in this matter. Global argues, however, that the Court's grant of permission for admission *pro hac vice* to Messrs. Harwell and Turner was improper because Messrs. Harwell and Turner failed to comply with Rule 19 of the Tennessee Supreme Court, as incorporated into the requirements for admission *pro hac vice* by Local Rule 83.5(l).

Global misinterprets Local Rule 83.5(l). The above-quoted portion of Local Rule 83.5(l) is intended to speak to the character-driven standards associated with admission to practice and the ethical considerations associated with practice before this Court; it is not intended to modify the procedural requirements for admission *pro hac vice*, which are outlined in Local Rule 83.5(d) and (j). Our Local Rules do not require attorneys requesting admission *pro hac vice* to associate with an attorney previously admitted to practice in Tennessee state courts, and this Tennessee state court procedural requirement is not incorporated into the Local Rules of this Court by virtue of the reference to the Rules of the Tennessee Supreme Court in Local Rule 83.5(l).

Because Messrs. Harwell and Turner have complied with all requirements of Local Rule

83.5 regarding admission *pro hac vice*, Global's motion to vacate the Court's orders granting Messrs. Harwell and Turner permission to appear *pro hac vice* on behalf of Priest will be **DENIED**.

## II.     Motion to Strike or Dismiss

Global's motion to strike the Complaint pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, to dismiss this cause pursuant to Federal Rule of Civil Procedure 12(b)(6) derives from its argument that the orders granting Messrs. Harwell and Turner permission to practice *pro hac vice* were improper. Because Messrs. Harwell and Turner were properly granted permission to practice *pro hac vice* before this Court (as explained above), the underlying bases for Global's motion are absent. Therefore, Global's motion to strike or dismiss will be **DENIED**.[1]

A separate order will enter.

        *s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE

---

[1] In reaching this conclusion, the Court does not express an opinion regarding whether the statute of limitations expired prior to the filing of the Complaint on June 8, 2005; rather, the Court merely concludes that the Complaint filed by Messrs. Harwell and Turner was not defective as a result of the admissions *pro hac vice* of Messrs. Harwell and Turner and will not be stricken or dismissed on those grounds.