UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RAY PRIEST, | ) |
|     *Plaintiff*, | ) |
| v. | ) Case No. 1:05-cv-165 |
| GLOBAL FURNITURE, INC., | ) Judge Mattice |
|     *Defendant*. | ) |

## **MEMORANDUM**

Plaintiff Ray Priest filed this action against Defendant Global Furniture, Inc. ("Global"), his former employer, alleging violations of the Tennessee common law of fraud; the Tennessee Consumer Protection Act of 1977 ("TCPA"), Tenn. Code Ann. § 47-18-104; and Tennessee Code Annotated § 47-50-114, which specifies rules regarding the payment of commissions to sales representatives.

Before the Court is Defendant Global's Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) with regard to Plaintiff's causes of action for fraud and violation of the TCPA.

For the reasons stated below, Defendant's Motion for Partial Dismissal will be **GRANTED**, and Plaintiff's fraud and TCPA claims will be **DISMISSED WITH PREJUDICE**.

**I.**     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th

Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

**II.     FACTS**

Viewing the complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

Until June of 2002, Plaintiff Priest was employed as a contract sales representative with Global. (Court Doc. No. 1-1, Compl. ¶ 6-7.) Priest and Global agreed that Priest would be paid commissions based upon his sale of Global furniture at a rate of 6 percent on warehouse orders and 4 percent on container orders. (*Id.* ¶ 6.) On or about June 14, 2002, Global terminated Priest. (*Id.* ¶ 7.)

Priest alleges that, at the time of his termination, he was owed commissions on several outstanding customer orders, including (but possibly not limited to) the orders in

-2-

Exhibit A. (*Id.* ¶ 8 & Ex. A.) These orders, dated February 24, 2002, show various purchases of furniture by H&H Sales. (*Id.* Ex. A.) Priest alleges that Global either cancelled those outstanding orders and reissued the orders in another sales representative's name or entered the orders in the system under another sales representative's name. (*Id.* ¶ 9.) In support of this allegation, Priest submits several orders that he alleges were the result of Global's reissuance of his orders, or entering of his orders in the system, under another sales representative's name. (*Id.* Ex. B.) To date, Priest has not been paid the commissions he was owed on the date of his termination. (*Id.* ¶ 10.)

## III. ANALYSIS

Defendant Global moves the Court to dismiss Plaintiff's causes of action for fraud and violation of the TCPA.

### A. Common Law Fraud

The elements of a *prima facie* case of common law fraud are as follows: (1) an intentional misrepresentation of a material fact; (2) knowledge of the falsity of the misrepresentation; (3) an existing fact that is material and about which the misrepresentation was made; and (4) reasonable reliance on the misrepresentation that caused an injury. *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66-67 (Tenn. 2001); *Bowman v. Waggoner*, No. M2004-00411-COA-R3-CV, 2006 WL 140377, at *3 (Tenn. Ct. App. Jan. 17, 2006). The Federal Rules of Civil Procedure require that "the circumstances constituting fraud . . . be stated with particularity." Fed. R. Civ. P. 9(b). To comply with this requirement, a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Essentially,

the amended complaint should provide fair notice to Defendants and enable them to prepare an informed pleading responsive to the specific allegations of fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (internal quotation marks and citations omitted).

Defendant argues that Plaintiff's fraud claim should be dismissed because Plaintiff has failed to plead with particularity all of the elements of a fraud claim. Specifically, Defendant argues that Plaintiff has failed to allege the existence of a misrepresentation, reasonable reliance by Plaintiff on a misrepresentation, or an injury to Plaintiff caused by his reasonable reliance. Further, Defendant argues that Plaintiff has failed to allege with particularity the time, place, or content of the purported fraud; the dates of the alleged misrepresentations; and the names of any individuals involved in the alleged cancellation and reissuance of the orders.

The Court concludes that Plaintiff does not sufficiently allege reasonable reliance on a misrepresentation. In his complaint, Plaintiff identifies Defendant's intentional cancellation of Plaintiff's orders and reissuance of those orders in another sales representative's name at or subsequent to the date of Plaintiff's termination as the material misrepresentation in this case.[1] (Compl. ¶ 13.) Plaintiff's complaint contains no direct

---

[1] In two different paragraphs of his brief, Plaintiff mentions two different misrepresentations. When describing the misrepresentation as its own element, Plaintiff points to the cancellation and reissuance of the orders. (Court Doc. No. 13, Pl.'s Mem. in Opp. to Def.'s Mot. for Partial Dismissal 2.) Then, when describing Plaintiff's reasonable reliance, Plaintiff states that the misrepresentation at issue is Global's agreement to pay the commissions owed to Plaintiff. (*Id.* at 3.) While it is acceptable to file a suit based on two different misrepresentations by a defendant, in that situation a plaintiff must allege all of the elements of a cause of action for fraud with regard to each misrepresentation. In contrast, it is improper to base half of the *prima facie* case on one misrepresentation and the other half of the *prima facie* case on another misrepresentation, as the Plaintiff has attempted to do in this case in his brief.

allegations of his reliance on this misrepresentation, and all of the inferences that can be drawn from Plaintiff's allegations tend to show that Plaintiff did not take any action or forbear taking any action in reliance on the misrepresentation. Plaintiff essentially alleges that he knew he was due commissions when he was fired from his job and he believes that Defendant cancelled and reissued several of Plaintiff's orders to avoid paying those commissions. (Compl. ¶¶ 8-10.) These are not allegations from which one can infer reasonable reliance on Defendant's alleged misrepresentation; rather, they convey that Plaintiff knew that he was entitled to the commissions and was not fooled by Defendant's alleged attempts to avoid paying the commissions. Plaintiff's allegations indicate that he did not believe, and did nothing in reliance on, Defendant's alleged misrepresentation. The complaint, in fact, is devoid of allegations that Plaintiff took *any* action after Defendant's alleged misrepresentation, aside from the filing of this lawsuit. The Court concludes that Plaintiff cannot prove, under any set of facts, that he reasonably relied on Global's alleged misrepresentation.

Further, Plaintiff does not sufficiently allege injury resulting from any alleged reliance. Plaintiff does allege that he was injured by Defendant's failure to pay the owed

---

If the Court were to accept, by viewing the complaint quite liberally, Plaintiff's assertion in his brief that the relevant misrepresentation was Global's agreement to pay commissions to Plaintiff, Plaintiff's complaint would still fail to state a claim for which relief can be granted. In his brief, Plaintiff asserts that he reasonably relied on Global's promise to pay commissions by continuing to place orders through Global. While Plaintiff's assertion that Defendant failed to live up to its promises in the agreement may or may not state a claim of common law breach of contract, those assertions do not state a claim for fraud because Plaintiff has not alleged that the misrepresentation was intentional. If Plaintiff had alleged that Defendant Global, at the time it entered into the agreement, never intended to pay the commissions, and that Plaintiff relied on the agreement by continuing to place orders through Global, such a claim might survive a motion to dismiss.

-5-

commissions, but he has not connected any such injury to his reasonable reliance on a misrepresentation made by Defendant.

Accordingly, Plaintiff's common law fraud claim will be **DISMISSED WITH PREJUDICE**.

### B. Tennessee Consumer Protection Act

Defendant argues that Plaintiff's claim under the TCPA should be dismissed because it is time-barred by the applicable statute of limitations. Although Plaintiff notes his disagreement with Defendant's description of the applicable statute of limitations, Plaintiff does not oppose Defendant's motion to dismiss with regard to this claim.

Accordingly, Plaintiff's claim under the Tennessee Consumer Protection Act will be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Defendant's Motion for Partial Dismissal will be **GRANTED**, and Plaintiff's common law fraud and TCPA claims will be **DISMISSED WITH PREJUDICE**.

A separate order will enter.

        *s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE